UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SOARES,<br><br>             Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.: 3:21-cv-01738-BEN-RBB<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 6]** |

   Plaintiff Richard Soares ("Plaintiff") is suing Defendants County of San Diego, and unknown law enforcement officers named as Does 1-10 ("Defendants") as a result of injuries Plaintiff suffered following officers responding to a call at Plaintiff's house. Plaintiff's complaint contains ten claims for relief: (1) Excessive Force (against unknown officers 1-6) in violation of 42 U.S.C. § 1983, (2) Unlawful / Unreasonable Seizure of a Person (against unknown officers 1-6) in violation of 42 U.S.C. § 1983, (3) Unlawful / Unreasonable Entry Into and Search and Seizure of Private Residence (against unknown officers 1-6) in violation of 42 U.S.C. § 1983, (4) *Monell* liability against the County under 42 U.S.C. § 1983 for failure to properly train and for failure to properly hire / fire / discipline, (5) *Monell* liability against the County under 42 U.S.C. § 1983 for official policies, practices, and customs, (6) False Arrest / False Imprisonment under California

law (against all defendants), (7) Battery under California law (against all defendants), (8) Violation of Cal. Civil Code § 52.1 (against all defendants), (9) Trespass to Property under California law (against all defendants), and (10) Negligence under California law (against all defendants). *See generally* Complaint, ECF No. 1. Defendants filed the motion to dismiss now before the Court. ECF No. 6. For the reasons set forth below, the motion is **GRANTED-IN-PART**.

## I. BACKGROUND[1]

Plaintiff called the police to report his roommate had stolen his debit card. ECF No. 1 at 6. Deputy sheriffs from the San Diego County Sheriff's Department responded to the call at Plaintiff's house, but did not take a report. *Id.* at 7. As the deputies were leaving Plaintiff's house, Plaintiff closed the door behind them, but the door bounced open. *Id.* The deputies then turned around and a male deputy told Plaintiff to "step back or I am going to tase you." *Id.* The male deputy then tased Plaintiff while he was standing in the doorway. *Id.* Plaintiff, while stunned from the taser, turned and ran through his kitchen before the male deputy, who had followed him into the house, tackled Plaintiff on his couch, breaking Plaintiff's guitar. *Id.* The male deputy then started punching Plaintiff. *Id.* At this point, a female deputy assisted in the arrest before additional deputies entered the home and continued assaulting Plaintiff. *Id.* Plaintiff was handcuffed and placed in the back of a patrol car. *Id.* While in the car, one of the deputies placed a spit guard on the Plaintiff and threatened to hogtie him. *Id.* at 8. Plaintiff was taken to San Diego County Jail where he was subsequently held for five days. *Id.*

## II. LEGAL STANDARD

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be

---

[1] The following overview of the facts is drawn from Plaintiff's Complaint, ECF No. 1, which the Court assumes true in analyzing the motions to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

based on the lack of a cognizable legal theory or absence of sufficient facts to support a cognizable or plausible legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Defendants seek dismissal of all ten of Plaintiff's claims for relief. The Court addresses each in turn.

#### A. Claims One – Three (Non-*Monell* 42 U.S.C. § 1983 Claims)

Plaintiff's First, Second, and Third Claims for Relief are based on the actions the deputies took at Plaintiff's house. Defendants argue these claims should be dismissed because the Plaintiff "has failed to allege facts supporting how each individual deputy violated Constitutional protections." Def. MTD, ECF No. 6 at 15. This Court disagrees. Plaintiff's complaint lays out facts that could support all three of the non-*Monell* § 1983 claims: excessive / unreasonable force on a person (the use of a taser, tackling plaintiff, and then striking him), unlawful / unreasonable seizure of a person (arresting plaintiff and holding him for five days), and unreasonable / unlawful entry into and search and seizure of private residence (the deputies pursued Plaintiff into his house without a warrant, consent, or other justification).

While Doe pleading is typically disfavored in federal courts, there are certain

exceptions. When the identity of alleged defendants will not be known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Doe pleading is appropriate because the Plaintiff is able to identify the organization to whom the Doe defendants belong, in this case the San Diego County Sheriff's Department, but cannot identify by name the individuals allegedly responsible for his harm. The identities of the deputies who responded to the call at Plaintiff's house are known by the Defendants. This is not a case where naming Doe defendants will result in a needlessly extensive discovery; rather, the County can turn over the names of the individuals on the scene at the time of the alleged incident at any time. The Court will give Plaintiff the opportunity to identify the unknown deputies through discovery.

Defendants argue that even if the Court allows the suit against Doe defendants to move forward, it should dismiss all Doe defendants besides the first two. ECF No. 6 at 9. While the Plaintiff did only name a male and female officer throughout most of his complaint, paragraph 23 of his complaint does allege "additional deputies entered [Plaintiff's] home to assault and batter [Plaintiff]." ECF No. 1 at 7. As discussed above, the identity of these additional deputies are likely known to the County and Plaintiff will have the opportunity to ascertain their identities through discovery.

Defendants' motion to dismiss Claims for Relief One, Two, and Three is DENIED.

**B.    Claims for Relief Four and Five (*Monell* 42 U.S.C. § 1983 Claims Against the County of San Diego)**

Plaintiff's Fourth and Fifth Claims for Relief allege Defendant County of San Diego violated Plaintiff's constitutional rights pursuant to the Supreme Court's holding in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Complaint, ECF No. 1 at 11-14. Plaintiff claims the County failed to properly train, failed to properly hire, fire, and discipline its deputies, and enacted unconstitutional

policies, customs, usages, and practices. The County argues that Plaintiff only makes conclusory allegations and that there are no facts pled that support the plausibility of the claim for relief. MTD, ECF No. 6 at 10.

For a *Monell* violation under § 1983, a Plaintiff must allege and present evidence that the unconstitutional activities of the police officer were pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the entity's officers]." *Monell* 436 U.S. at 690. Plaintiff's complaint includes the following allegations:

> "The training policies of COUNTY were not adequate to train its peace office employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff[.]"

> "[T]he San Diego County Sheriff's Department has for many years now unlawfully detained / arrested persons as well as subjected persons to various constitutional violations including using excessive force and unlawfully entering homes."

> "At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the San Diego County Sheriff's Department . . . 1) arresting persons without probable cause; 2) using excessive force upon persons; 3) retaliating against persons for exercising constitutionally protected conduct; 4) unlawfully entering and searching residential homes; and 5) for covering-up unlawful and tortious conduct by San Diego County Sheriff's Department personnel."

Complaint, ECF No. 1 at 11-14

On its face, Plaintiff's complaint fails to meet the minimum threshold established by *Twombley* and *Iqbal*. Plaintiff asserts the County has policies in place that allegedly led to these incidents, but fails to offer any facts as to what these policies are. These matters may be more fully developed through the discovery process, but that does not justify failing to meet the minimal pleading requirements. As the Supreme Court stated in *Iqbal*, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff

armed with nothing more than conclusions." 556 U.S. at 678-79.

While threadbare pleading on *Monell* claims was at one point sufficient to survive a motion to dismiss in the Ninth Circuit, *Twombly* and *Iqbal* changed that. Addressing the matter in *AE ex. Rel. Hernandez v. County of Tulare*, the court stated:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. This standard applies to *Monell* claims and should govern future pleadings in this case.

666 F.3d 631, 637 (9th Cir. 2012) (citation omitted).

Districts courts in the Ninth Circuit have also acknowledged as much and held that previous decisions authorizing a lower pleading standard for *Monell* claims are no longer valid after *Twombly* and *Iqbal*. *See, e.g.*, *Canas v. City of Sunnyvale*, 2011 WL 1743910, at *5 (N.D. Cal. Jan. 19, 2011) (holding that cases that applied the Ninth Circuit's "bare allegation" standard "no longer are controlling in the post-*Iqbal*/*Twombly* era"); *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1148 (E.D. Cal. 2009) ("In light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e. 'bare allegations') is no longer viable.").

Simply alleging the County failed in any of these areas does not support a plausible claim. To the extent the Plaintiff tries to draw on this one incident as evidence of poor hiring and training processes, the Supreme Court recognized that "a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city," and "plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989); *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989).

Defendants' motion to dismiss Claims for Relief Four and Five is GRANTED.

### C. Claims for Relief Six – Ten (California State Law Claims)

The Court need not address the substance of Plaintiff's state law claims, as the pleadings do not indicate that Plaintiff has complied with the procedural requirements to assert his claims.

Under the California Government Claims Act, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board...." Cal. Gov't Code § 945.4. "[S]ubmission of a claim to a public entity pursuant to section 900 *et seq.* 'is a condition precedent to a tort action and the failure to present the claim bars the action.' " *Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699, 708 (1989) (quoting *Lutz v. Tri–City Hosp.*, 179 Cal. App. 3d 807, 812 (1986)).  The failure to timely present a claim for money or damages to a public entity bars the plaintiff from bringing suit against that entity.  *City of Stockton*, 42 Cal. 4th at 738; *State of Cal.*, 32 Cal. 4th at 1239.

Under Government Code section 911.2, "[a] claim relating to a cause of action for death or for injury to person ... shall be presented ... not later than six months after the accrual of the cause of action[,]" while "[a] claim relating to any other cause of action shall be presented ... not later than one year after the accrual of the cause of action." Cal. Gov't Code § 911.2(a).  The date of accrual for the purposes of section 911.2 is the same as the date of accrual of the underlying cause of action within the meaning of the statute of limitations.  *Id.* § 901.  Equitable tolling does not apply to section 911.2's six-month deadline for filing the initial government claim to the public entity because it is not a statute of limitations.  *Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1121 (2020), reh'g denied (May 29, 2020), review denied (July 22, 2020).

If a plaintiff fails to file a timely claim within six months after accrual of the claim, an application may be made to the public entity seeking leave to present a late claim which must be presented within a reasonable time to the public entity but not to exceed one year of the accrual date.  *Id.* §§ 911.4(a) & (b).  The board must grant or deny the

application within 45 days. *Id.* § 911.6(a). If the board fails to respond, "the application shall be deemed to have been denied on the 45th day." *Id.* § 911.6(c).

If an application for leave to present a late claim is denied, as a last resort, the plaintiff may file a petition to the court for an order relieving him from section 945.4, the claim presentment requirement. *See* Cal. Gov't Code § 946.6(a). This "petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6." Id. § 946.6(b). Unlike the initial claim under section 911.2, equitable tolling applies to a late petition for relief under section 946.6. *J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th 648, 653 (2017) (the six-month period to file a petition for relief under section 946.6(b) is a mandatory statute of limitations).

Here, Plaintiff's complaint lacks any acknowledgement of compliance with the pre-suit demand provisions of California law. Despite being raised by Defendants in their motion to dismiss, Plaintiff fails to address the matter in his response. Because the Court finds Plaintiff's case procedurally deficient, Defendant's motion to dismiss all of Plaintiff's claims under state law (Claims for Relief 6-10) is GRANTED. As Doe defendants 7-10 were only alleged to have violated the state law claims, they are dismissed from the case.

### D.  Leave to Amend

If a court dismisses a complaint, it may grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The Court will allow Plaintiff to amend his complaint regarding the *Monell* claims if he can point to a specific policy or failure of the County. Regarding the claims under California State law, the Court will allow leave to amend to provide Plaintiff the opportunity to demonstrate compliance with California state law.

IV. **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss claims one through three is DENIED.
2. Defendants' motion to dismiss claims four through ten is GRANTED.
3. Doe Defendants 7-10 are dismissed from this case.
4. Plaintiff may file a First Amended Complaint within fourteen (14) days that cures the pleading deficiencies identified in this Order. Plaintiff may not add additional claims or parties without seeking leave from the Court. If Plaintiff fails to cure the deficiencies outlined by the Court, the Court may dismiss this matter *with prejudice*.

**IT IS SO ORDERED.**

Dated: April 22, 2022

_____
HON. ROGER T. BENITEZ
United States District Judge